UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **KEVIN KREMER,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**CITY OF DECATUR,**<br>**JAMES ANDERSON,**<br>**JOSH SHEETS, and**<br>**MARTIN ST. PIERRE,**<br><br>      **Defendants.** | Case No. 11-2258 |

## ORDER

In October 2011, Plaintiff Kevin Kremer filed suit against Decatur police officers Josh Sheets and Martin St. Pierre, Decatur police chief James Anderson, and the City of Decatur, for injuries he sustained when Sheets and St. Pierre arrested him on the night of October 27, 2009. Specifically, Plaintiff brings, in Count I, excessive force claims under 42 U.S.C. § 1983[1] against all Defendants; in Count II, state assault and battery claims against all Defendants; in Count III, state unlawful use of excessive force claims against all Defendants; in Count IV, state claims for "failure to adequately train, instruct, correct, discipline, supervise, and train police officers" against Decatur and Anderson; and in Count V, state claims for intentional infliction of emotional distress against all Defendants. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's § 1983 claims raise a federal question. The Court exercises supplemental jurisdiction over Plaintiff's state claims pursuant 28 U.S.C. § 1367(a). The parties have consented to proceed before a U.S. Magistrate Judge, as allowed by 28 U.S.C. § 636(c)(1).

In November 2013, Defendants filed a Motion for Summary Judgment on all claims (#32) and a memorandum in support (#34). Plaintiff filed a response in opposition (#37), to which Defendants replied (#38). For the reasons explained below, the Court **DENIES**

---

[1] The Court understands Count I to claim liability for Anderson and Decatur under § 1983 pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Also, the Court notes that Count I mentions 42 U.S.C. § 1985, but Plaintiff's summary judgment briefing does not refer to § 1985.

Defendants' Motion for Summary Judgment **(#32)** without prejudice and orders the parties to revise and resubmit their summary judgment briefing.

## I. Legal Standard

Summary judgment is only appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the substantive law applicable to a case "will identify which facts are material." *Id.* A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *accord Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The moving party bears the initial burden to "put[] forth evidence showing the absence of a genuine dispute of material fact." *Carroll*, 698 F.3d at 564. Once the moving party does so, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Id.* In determining whether a genuine issue of material fact exists, the Court views all facts and draws all reasonable inferences in favor of the nonmoving party. *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 566 (7th Cir. 2012).

## II. Compliance with Federal Rule of Civil Procedure 56 and Local Rule 7.1(D)

At this point, the Court would typically detail the disputed and undisputed facts in this case. However, both parties have failed to comply with Rule 56 and the Court's local rule regarding summary judgment, CDIL-LR 7.1(D), which means that the Court cannot discern which facts are in dispute.

Defendants have included a list of "Undisputed Material Facts" but do not cite evidence in support of each numbered fact. Therefore, Defendants fail to meet their initial burden to "put[] forth evidence showing the absence of a genuine dispute of material fact." *Carroll*, 698 F.3d at 564. Furthermore, Defendants have not complied with Rule 56(c), which instructs that "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . . ," FED. R. CIV. P. 56(c), or Local Rule 7.1(D), which requires, for each undisputed material fact, that the movant "provide citations to

the documentary evidence that supports it, appropriately referencing the exhibit and page."
CDIL-LR 7.1(D)(1)(b).

It appears that Defendants may have drawn their asserted facts from the bench trial transcript of Plaintiff's state court convictions. Fact 24 states, "The foregoing facts were proven beyond a reasonable doubt in state court, where Plaintiff was found guilty of attempting to disarm Officer Josh Sheets, aggravated battery of Officer Sheets, and aggravated resisting a peace officer." (#32, p. 4.) However, the Court notes that Fact 16 states that St. Pierre used OC spray on Plaintiff (#32, p. 3), but the transcript states that St. Pierre removed his OC spray from its holster but did not deploy it (#33-1, p. 13). Therefore, the Court is not entirely certain of the source of Defendants' asserted facts. Defendants later direct the Court to a list of exhibits but do not cite any specific parts or pages of these exhibits.

In his opposition to Defendants' motion, Plaintiff does not explain which of Defendants' asserted facts he disputes, as required by Rule 56(c). Additionally, in violation of Local Rule 7.1(D), he fails to identify, by number, which of Defendants' facts are undisputed and material, disputed and material, disputed and immaterial, or undisputed and immaterial, nor does he supply his own numbered list of additional material facts. CDIL-LR 7.1(D)(2)(b). Rather, in a section titled "Statement of Facts," Plaintiff separately summarizes his own deposition and those of Sheets, St. Pierre, and two witnesses, Brandon Nein and Tiffany Vandevoort. Therefore, the Court cannot tell which of Defendants' asserted facts Plaintiff disputes.

"If a party fails to properly support an assertion or fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact . . . ." FED. R. CIV. P. 56(e)(1). Accordingly, the Court will give the parties the opportunity to revise their summary judgment briefing and support properly their assertions of fact and responses to the other party's assertions of fact.

### III. Conclusion

For the reasons explained above, the Court **DENIES** Defendants' Motion for Summary Judgment **(#32)** without prejudice. Because both parties have failed to comply with Rule 56 and

Local Rule 7.1(D), they are ordered to revise and resubmit their summary judgment briefing. *See* FED. R. CIV. P. 56(e)(1). The parties must comply with the federal and local rules and support their asserted facts with pinpoint citations to specific admissible evidence.

Defendants' revised motion for summary judgment is due March 26, 2014. Plaintiff's response is due within 21 days after service of Defendants' motion. Defendants' reply is due within 14 days after service of Plaintiff's response. The final pretrial conference set for March 28, 2014, at 10:00 a.m., the deadlines for motions in limine, and the jury trial set for April 7, 2014, are **VACATED** and will be reset, if necessary, after the Court has ruled on the revised motion for summary judgment.

ENTERED this 26th day of February, 2014.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE